CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 21, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal Action No. 7:20-cr-00032** |
| **v.** | ) | |
| | ) | |
| **JOSEPH COQUIA MARTIN,** | ) | **By: Michael F. Urbanski** |
| | ) | **Senior United States District Judge** |
| **Defendant/Petitioner** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Joseph Coquia Martin's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. ECF No. 184. The Federal Public Defender declined to file a supplemental motion. ECF Nos. 185, 188. The government filed a response to the motion on May 20, 2026, to which Martin replied. ECF Nos. 190, 192. As discussed below, the court **DENIES** Martin's motion for a sentence reduction.

### I. Background

This matter arose from incidents that occurred in May 2020. According to the Agreed Statement of Facts, ECF No. 74, federal agents used a confidential informant to purchase controlled substances from Martin's co-defendant William Ramey-Woodard. The investigation and the actions of the informant ultimately resulted in the issuance of a search warrant on properties associated with Ramey-Woodard and Ramey-Woodard's arrest on a federal complaint. Id. at 1. While Ramey-Woodard was incarcerated, he and defendant Martin began having coded telephone and email conversations in which they discussed the informant's identity, where he lived, and whether he ought to suffer consequences because

of his cooperation with law enforcement. Because the conversations occurred while Ramey-Woodard was incarcerated, they were recorded by the jail. Id.

On May 31, 2020, Martin went to the informant's residence and shot a firearm once at point blank range at the informant in an attempt to kill him because of his assistance to federal authorities in the investigation of Ramey-Woodard. Id. The single shot from Martin's weapon grazed the informant's neck and stunned him, causing him to fall to the floor. Martin left the informant's residence, and the informant called 911. Id. at 1–2. The informant did not seek medical care. Martin's Pre-Sentence Investigation Report (PSR), ECF No. 96 at 22.

On July 16, 2020, Martin and Ramey-Woodard were named in a ten-count superseding indictment alleging offenses related to distribution of fentanyl and heroin, attempting to kill a confidential informant, and being a felon in possession of a firearm. Superseding Indictment, ECF No. 26. On January 31, 2022, Martin entered into a Rule 11 plea agreement in which he pled guilty to attempting to kill a person assisting an officer or employee of the United States in the performance of that officer or employee's official duties, and on account of that assistance (Count Seven); and knowingly possessing a firearm in furtherance of a crime of violence for which he could be prosecuted in a court of the United States, as set forth in Count Seven (Count Eight). Martin's Plea Agreement, ECF No. 73 at 1.

On February 11, 2022, Ramey-Woodard entered into a Rule 11 plea agreement in which he pled guilty to distributing 40 grams or more of fentanyl (Count One), possessing a firearm in furtherance of a drug trafficking crime and using and carrying a firearm in relation

to a drug trafficking crime (Count Two), and a lesser included offense of conspiring to threaten bodily harm or cause bodily injury to another person in retaliation for the person cooperating with federal law enforcement (Count Nine). Ramey-Woodard's Plea Agreement, ECF No. 78 at 1–2.

On August 22, 2022, the court sentenced Martin to 120 months on Count Seven and to a consecutive sentence of 120 months on Count 8, for a total of 240 months. J., ECF No. 98. On January 10, 2023, the court sentenced Ramey-Woodard to 180 months on the three counts to which he pled guilty. J., ECF No. 107. Martin did not file a direct appeal but filed a § 2255 petition on April 6, 2023, ECF No. 111, which the court denied on May 8, 2024. ECF Nos. 160, 161. Martin has been in custody since June 1, 2020, Pre-Trial Services Report, ECF No. 33 (filed under seal), and has a projected release date of June 16, 2037.[1]

**II. Compassionate Release**

Martin seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is entitled to compassionate release because the sentence he received was five years longer than the sentence his co-defendant Ramey-Woodard received. The government responds that Martin has not described an extraordinary and compelling reason warranting release and that the 18 U.S.C. § 3553(a) factors weigh against release.

The compassionate release statute as amended by the First Step Act of 2018 authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

[1] https://www.bop.gov/inmateloc/ (search term "Joseph Coquia Martin") (last viewed Aug. 10, 2025).

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Accordingly, the court must consider (1) if Martin exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

**A. Exhaustion**

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Martin asserts that he submitted a request for compassionate release to the warden of his facility on August 4, 2025, and that the warden denied his request on October 1, 2025. Mot., ECF No. 184 at 3. He filed his motion for a sentence reduction on January 20, 2026. As the government does

not contest that Martin has exhausted his administrative remedies, the court finds that Martin has satisfied the statute's exhaustion requirement.

**B. Extraordinary and Compelling Reasons**

The court next must consider whether it should reduce Martin's term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission (the Commission) amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement in the revised guidelines now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

Martin claims that his sentence is "unusually long" and that he qualifies for a sentence reduction under § 1B1.13(b)(6). That section of the guidelines provides the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG §§1B1.13(b)(6). The court will assume for purposes of this motion that Martin's sentence is "unusually long."

However, Martin's claim can progress no further because he has not yet served ten years of his sentence. Rather, he has served approximately six years and four months. Because he has not yet spent ten years in prison on the current offense, the court cannot consider whether the relief offered by USSG § 1B1.13(b)(6) is available to him. See United States v. Crawley, 140 F.4th 165, 172–73 (4th Cir. 2025). In addition, Martin does not point to any change in the law that has occurred that has produced a gross disparity between the sentence he is serving and the sentence he likely would have been assessed today. Accordingly, his claim that he is entitled to a sentence reduction under § 1B1.13(b)(6) must be **DENIED**.[2]

Martin also cites United States v. Johnson, 143 F.4th 212, 215 (4th Cir. 2025), for its holding that a sentencing disparity can be grounds for a sentence reduction under USSG 1B1.13(b)(5). The Fourth Circuit held in Johnson that the catch-all provision at § 1B1.13(b)(5) gives a district court discretion to reduce a sentence on the basis that a defendant's sentence was significantly longer than that of his co-defendants convicted of similar offenses. Id. at 216. However, the judgment issued by the Fourth Circuit in Johnson was vacated by the Supreme Court on June 8, 2026, and the case was remanded to the Fourth Circuit for consideration in light of Fernandez v. United States, 146 S.Ct. 1292 (2026), and Rutherford v. United States, 146 S.Ct. 1320 (2026). United States v. Johnson,

---

[2] The court notes that after the Supreme Court's decision in Rutherford v. United States, 146 S.Ct. 1320 (2026), a disparity created by a nonretroactive amendment to a sentencing statute no longer can be considered an extraordinary and compelling reason for a sentence reduction.

No. 25-551, 2026 WL 1640930 (June 8, 2026). Accordingly, Johnson no longer is relevant precedent and Martin cannot rely on it as a basis for a sentence reduction.

Moreover, even if Johnson were still good law, the sentencing disparity between Martin and Ramey-Woodard would not warrant a sentence reduction for Martin as the disparity was based on the difference in their circumstances. Martin had a more extensive criminal history than Ramey-Woodard, with 12 criminal history points placing him in criminal history category V, while Ramey-Woodard had 5 criminal history points placing him in criminal history category III. In addition, Martin had a total offense level of 30, while Ramey-Woodard had a total offense level of 27. Martin's PSR, ECF No. 96 ¶¶ 41–43, 17–26; Ramey-Woodard's PSR, ECF No. 104 ¶¶ 74–76, 40–42.[3]

These differences meant that Martin entered into plea negotiations facing a guidelines range of 151 to 188 months on Count Seven, and a statutory mandatory consecutive 120-month sentence on Count Eight, while Ramey-Woodard entered into plea negotiations facing statutory mandatory sentences of 60 months on Counts One and Two, with the sentence on Count Two to be served consecutively to Count One, and a guidelines sentence of 87 to 108 months. Martin's PSR, ECF No. 96 ¶¶ 81–83; Ramey-Woodard's PSR, ECF No. 104 ¶¶ 70–72; Sent. Hr'g Tr., ECF No. 138 at 7–8.

At sentencing, the court found the appropriate guidelines range for Martin to be 135 to 168 months on Count Seven (lower than the recommendation in the PSR), and then varied downward to a sentence of 120 months on Count Seven and a consecutive 120-

[3] The PSR recommended a two-level enhancement for the specific offense characteristic of using violence, making a credible threat of violence, or directing the use of violence, which, if accepted by the court, would have increased Ramey-Woodard's total offense level to 29. PSR, ECF No. 104 ¶¶ 22, 30. At sentencing, no mention of the proposed 2-level increase was made by the parties, the probation officer, or the court, and the increase was not reflected in Ramey-Woodard's total offense level or guidelines sentencing range.

month sentence on Count Eight. Martin's Sent. Hr'g Tr., ECF No. 116 at 21; Martin's Statement of Reasons, ECF No. 99 at 5 (filed under seal). The court based the downward variance on Martin's difficult upbringing, his personal trauma caused by gun violence, the lack of serious injury to the victim, and because his criminal history was overstated. Martin's Statement of Reasons, ECF No. 99 at 5. Nevertheless, the court made clear that it found the crime of shooting at a government witness required a serious penalty. Martin's Sent. Hr'g Tr., ECF No. 116 at 19.

In Ramey-Woodard's case, the court noted that although the plea agreement was not binding, the parties jointly recommended a sentencing range of 85 to 180 months. Ramey-Woodard's Sent. Hr'g Tr., ECF No. 138 at 8; Plea Agreement, ECF No. 78 at 4. The court noted that it had sentenced Martin to a term of 20 years for the attempted murder of the confidential informant and the firearm charge because it was a serious crime demanding a serious penalty. Ramey-Woodard Sent. Hr'g Tr., ECF No. 138 at 32. The court also noted that Ramey-Woodard's conduct of selling fentanyl and having a gun while doing so was serious and dangerous, as was conspiring to retaliate against the confidential informant. Id. at 33. After considering the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of 87 months on Count One, 60 months on Count Two, and 33 months on Count Nine, all to be served consecutively, for a total of 180 months. Id. at 33–38.

The record shows that the disparity between Martin's sentence and Ramey-Woodard's sentence was based on the difference in their criminal histories and the conduct underlying their charges and therefore was not unwarranted. For that reason, even if Johnson still applied in the Fourth Circuit, the court would not find an unwarranted

sentencing disparity in this case and would not reduce Martin's sentence. For all these reasons, Martin's motion for a sentence reduction on this basis is **DENIED**.

**C. 18 U.S.C. § 3553(a) Factors**

Because the court finds that Martin has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent . . . they are applicable.'").

**III. Conclusion**

For the reasons stated above, the court **DENIES** Martin's motion for a sentence reduction, ECF No. 184.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 21, 2026



Mike Urbanski
Senior U.S. District Judge
2026.08.21 08:13:27
-04'00'

Michael F. Urbanski
Senior United States District Judge